IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02132-BNB

DAVID H. ISBERG,

    Plaintiff,

v.

TIMOTHY JOHNSON, Reg. #28692,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -2 2009

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Plaintiff, David H. Isberg, currently is held at the Boulder County Jail in Boulder, Colorado. Mr. Isberg, acting *pro se*, has filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 seeking injunctive relief and money damages.

The Court must construe the Prisoner Complaint liberally because Mr. Isberg is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.* For the reasons stated below, the Complaint and the action will be dismissed as legally frivolous.

Mr. Isberg brings three claims in the Complaint. First, he alleges that Defendant

Timothy Johnson, an Assistant District Attorney, denied him the right to a grand jury in his state criminal case, 08CR1006. Complaint at 4. Second, he alleges that Defendant Johnson caused an incorrect name to appear on the criminal complaint. *Id.* at 5. Third, he alleges that Defendant Johnson violated his right to due process by committing "direct and indirect contempt of the Court." *Id.* at 6.

A prosecutor acting within the scope of his duties enjoys absolute immunity from suit under § 1983. ***Imbler v. Pachtman***, 424 U.S. 409, 424 (1976). Prosecutors are provided absolute immunity because exposing them to § 1983 lawsuits springing from their official activities "would divert '[their] energy and attention . . . from the pressing duty of enforcing the criminal law.'" ***Grant v. Hollenbach***, 870 F.2d 1135, 1139 (6th Cir. 1989) (quoting *Imbler*, 424 U.S. at 430-31)). However, prosecutorial immunity does not generally extend to "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." ***Imbler***, 424 U.S. at 430-31. In addition, "'[a]bsolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding.'" ***Grant***, 870 F.2d at 1138 (citation omitted).

Here, Mr. Isberg's allegations involve no more than acts that are "'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." ***Snell v. Tunnell***, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), ***cert. denied sub nom. Swepston v. Snell***, 499 U.S. 976 (1991). With respect to the prosecutorial activities in which Defendant Johnson was involved in

Mr. Isberg's state criminal case, he enjoys immunity from suit under § 1983. *See Imbler*, 424 U.S. at 420-24. A claim against a defendant who clearly is immune from suit is legally frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Therefore, Defendant Timothy Johnson is an inappropriate party to this action based on absolute immunity, and the Complaint and action will be dismissed as legally frivolous. Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 1st day of Oct., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02132-BNB

David H. Isberg
Prisoner No. 120479
Boulder County Jail
3200 Airport Rd.
Boulder, CO 80301

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/2/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk